**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No.  2:24-cv-1269** |
| | : | |
| **Plaintiff,** | : | **JUDGE JAMES L. GRAHAM** |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **v.** | : | |
| | : | |
| **THIRTY-ONE THOUSAND FOUR** | : | |
| **HUNDRED FORTY AND 00/100** | : | |
| **DOLLARS ($31,440.00) IN UNITED** | : | |
| **STATES CURRENCY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>Opinion and Order</u>**

This matter comes before the Court on the United States' Motion for a Default Judgment and Decree of Forfeiture pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and <u>18 U.S.C. § 981(a)(1)(A)</u>.  After a thorough review of the record, the Court finds the following:

On March 19, 2024, the United States filed a Verified Complaint for Forfeiture *In Rem* seeking the forfeiture of Defendant 1, Thirty-One Thousand Four Hundred Forty and 00/100 Dollars ($31,440.00) in United States currency, and Defendant 2, Two Thousand Six Hundred Thirteen and 00/100 Dollars ($2,613.00) in United States currency, (the "defendant property") (<u>ECF No. 1</u>.)  Task Force Officer Eric M. Doyle of the Drug Enforcement Administration verified the complaint. (*Id.*)

The defendant property is subject to forfeiture, pursuant to <u>21 U.S.C. § 881(a)(6)</u>, as property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of <u>21 U.S.C. § 841</u> or a conspiracy to commit such offense in violation of <u>21 U.S.C. § 846</u>. (*Id.*)

1

This court has subject-matter jurisdiction over this case. A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. In this civil forfeiture action, the United States is the plaintiff and the acts giving rise to this action occurred at the John Glenn Columbus International Airport in the Southern District of Ohio.

A Warrant of Arrest *In Rem*, issued by the Clerk of this Court on April 11, 2024, directed the United States Marshals Service ("USMS"), any duly authorized law enforcement officer, and/or their delegate(s) to arrest the defendant property. (ECF No. 3.) In accordance with the warrant, the USMS arrested the defendant property, bringing it within the jurisdiction of the Court. (ECF No. 4.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice informs the potential claimant or the potential claimant's attorney of the following: (1) the date when the notice was sent, (2) the deadline for filing a claim which is at least 35 days after the notice was sent, (3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and (4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). In this case, the United States has sent direct notice of this action with a copy of the complaint to all known potential claimants.

On April 16, 2024, the United States sent direct notice and a copy of the complaint by certified and regular U.S. Mail to potential claimant, Douglas Cook, at the last address that he gave to the seizing agency. (ECF No. 5, Exhibit A.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official government forfeiture website for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on April 16, 2024, for 30 consecutive days. (ECF No. 6.)

On August 5, 2024, the Clerk of this Court issued a default entry against Douglas Cook

2

for failure to plead or otherwise defend as required by law.  (ECF No. 8.)

As of the filing of this motion, which is more than 60 days after the first date of publication and more than 35 days after direct notice was provided to all known potential claimants, no person or entity has filed a claim to the defendant property or an answer to the complaint, and the time to do so has expired.

The factual allegations of the verified complaint are not only verified by Drug Enforcement Administration Task Force Officer Eric M. Doyle, but they are also undisputed. *See* Verified Complaint (ECF No. 1). Consequently, hearings are not necessary to enter or effectuate the default judgment. See Fed. R. Civ. P. 55(b)(2). The allegations of the Verified Complaint for Forfeiture are taken as admitted.

Plaintiff has shown that (a) the parties that have an interest in the defendant property are in default; (b) default judgment is procedurally warranted; and (c) it has sufficiently pled its basis for entry of default judgment.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is **ORDERED** and **ADJUDGED** that the motion for default judgment and motion for decree of forfeiture (ECF No. 9) are granted as follows:

1. In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is hereby entered against Douglas Cook and all other persons and entities who might have an interest in the defendant property for failure to plead or otherwise defend as required by law;

2. All right, title, and interest in the defendant property, described as:

    **Defendant 1 is Thirty-One Thousand Four Hundred Forty and 00/100 Dollars ($31,440.00) in United States Currency; and**

    **Defendant 2 is Two Thousand Six Hundred Thirteen and 00/100 Dollars ($2,613.00) in United States Currency;**

    is hereby CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6);

3. All right, title, and interest in the defendant property is vested in the United States, and no right, title, or interest shall exist in any other person or entity; and

**4.** The United States shall dispose of the defendant property in accordance with the law.

      **IT IS SO ORDERED.**

                                        *s/ James L. Graham*
                                        JAMES L. GRAHAM
                                        United States District Judge

DATE: September 17, 2024